HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDI ALLISON,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. 19-cv-5923-RBL

ORDER

THIS MATTER is before the Court on Petitioner Allison's Motion for Reconsideration of the Court's Denial of her Motion to Appoint Counsel and Vacate Sentence under 28 U.S.C. 2255. Dkt. ## 13, 14, 15. The Court has reviewed Allison's filings and the Government's response.

28 U.S.C. § 2255 provides grounds for relief in four circumstances: where (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and where (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255 (a). The Court need not hold an evidentiary hearing on a § 2255 motion where the claims "can be conclusively decided on the basis of documentary testimony

and evidence in the record." *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)). Although a movant need not detail the evidence, "[m]ere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing." *Sanchez-Elorza v. United States*, No. 4:11-CR-00175-EJL, 2016 WL 6398295, at *2 (D. Idaho Oct. 27, 2016) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

To succeed on a claim of ineffective assistance of counsel, the petitioner must satisfy a two-part test: they must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) that counsel's deficient representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to show either deficient performance or prejudice is alone sufficient to dispose of a claim for ineffective assistance of counsel. *Id.* at 697. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. *Id.* at 689. Given the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction," a court must be highly deferential and resist using the benefit of hindsight to judge counsel's decisions. *Id.*

Thus, in order to establish the first prong of the *Strickland* test, the petitioner bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The second prong requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A proponent cannot merely show that the error had "some conceivable effect on the

outcome of the proceeding" but rather must show a probability sufficiently great enough to undermine confidence in the outcome. *Id.*

Allison does not satisfy these standards. Although Allison references various financial documents that she claims to have stored elsewhere, her description of this evidence is conclusory and insufficient to cast legitimate doubt on the result at trial. Allison repeatedly asserts that she provided evidence to her lawyer that he for some reason ignored, but these vague allegations are not enough to succeed on a 2255 motion for ineffective assistance of counsel. Having presided over a 4-day trial, the Court agrees with the Government that "Allison has not presented any sufficient reason to revisit the trial or the sentence in this case." Dkt. # 18 at 4. Allison's Motion is DENIED.[1]

Under 28 U.S.C. § 2253, a court may grant a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." Allison has not made such a showing, and the Court therefore declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated this 9th day of March, 2020.

Ronald B. Leighton
United States District Judge

---

[1] Allison makes no new arguments regarding appointment of counsel. To the extent Allison wishes for the Court to reconsider its prior decision not to appoint counsel, her Motion is likewise DENIED.